UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 19-22629-CIV-MORENO

DIEGO TRINIDAD, individually and on behalf
of all others similarly situated,

        Plaintiff,

vs.

EXPEDIA, INC.,

        Defendant.
_____/

## ORDER DENYING MOTION TO STAY DISCOVERY

THIS CAUSE came before the Court upon the Defendant's Motion to Stay Discovery **(D.E. 43)**, filed on **December 11, 2019**.

THE COURT has considered the motion, the response in opposition, the reply in support, the pertinent portions of the record, and is otherwise fully advised in the premises.

This Court has in some prior instances stayed discovery pending resolution of a motion to dismiss. But each of these cases raised a discrete, yet sweeping, threshold issue that could have resolved the whole case in one stroke. *See, e.g., Padilla v. Porsche Cars N. Am., Inc.*, No. 18-24988-CIV, 2019 WL 1281484, at *1 (S.D. Fla. Mar. 19, 2019) (motion to dismiss case with prejudice on statute of limitations grounds); *Solar Star Sys., LLC v. Bellsouth Telecomm's., Inc.*, No. 10-21105-CIV, 2011 WL 1226119, at *1 (S.D. Fla. Mar. 30, 2011) (motion to dismiss all claims under the "filed rate doctrine"); *Tradex Glob. Master Fund SPC Ltd. v. Palm Beach Capital Mgmt., LLC*, No. 09-21622-CIV, 2009 WL 10664410, at *1 (S.D. Fla. Nov. 24, 2009) (motion to dismiss case on venue grounds); *Varga v. Palm Beach Capital Mgmt., LLC*, No. 09-82398-CIV, 2010 WL 8510622, at *1 (S.D. Fla. Sept. 3, 2010) (motion to dismiss case based on this Court

granting "nearly identical motions to dismiss based on the forum selection clause in the related case—*Tradex*").

Unlike the discrete issues raised in these cases, the Defendant seeks dismissal on personal jurisdiction and standing grounds, and for failing to state a claim under Rule 12(b)(6).[1] The fact that deciding any one of these issues could potentially resolve the entire case is not by itself enough to trigger a stay of discovery—if it were, discovery would be stayed every time a defendant raised a justiciability or a Rule 12(b)(6) challenge.

The real question is whether the stay of discovery is supported by "good cause and reasonableness." *Varga*, 2010 WL 8510622, at *1 (quoting *Bocciolone v. Solowsky*, Case No. 08-20200, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008)). To determine whether the moving party has met its burden, the Court "must balance the harm produced by a delay in discovery against the possibility that the [dispositive] motion will be granted and *entirely* eliminate the need for such discovery." *Bocciolone*, 2008 WL 2906719, at *2 (emphasis in original) (quoting *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006)). After preliminary reviewing the Complaint and the Motion to Dismiss, the Court finds that staying discovery is not warranted in this case. Thus, it is

**ADJUDGED** that the motion is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this ___ of January 2020.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

---

[1] What is more, the Plaintiff asserts a private right of action under Title III of the LIBERTAD Act, a novel right of action that has been addressed by only a handful of courts, and that has never been addressed by this Court.